UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER SAUNDERS, et al.,

                Plaintiffs,

v.

FIRST PRIORITY MORTGAGE, INC.

                Defendant.

**DECISION AND ORDER**
06-CV-586S

1.    This putative class action involves four named Plaintiffs who allege that Defendant violated section 8(b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. ¶ 2607(b), and New York's General Business Law when it failed to accurately inform borrowers of the nature and actual costs of settlement services in both government and conventional loan transactions.

2.    On October 26, 2007, Defendant filed a motion for summary judgment seeking dismissal of Plaintiffs' Amended Class Action Complaint. Plaintiffs have not yet moved for class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court directed briefing on the issue of whether or not it is proper, in this case, to hear a dispositive motion prior to a motion for class certification. Briefing was complete on January 4, 2008.

3.    As this Court earlier noted, the Second Circuit has confirmed that district courts have discretion to decide a dispositive motion in a putative class action prior to hearing a motion for class certification. Schweitzer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998); Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 214 (1987).

1

4.      Defendant urges that, in this case, a ruling on its motion for summary judgment will protect the parties and the court from additional needless and costly litigation. Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984); *see also*, Curtin v. United Airlines, Inc., 275 F.3d 88, 93 (D.C. Cir. 2001). It contends that three of the four Plaintiffs cannot serve as class representatives because their individual RESPA claims are untimely, and that the fourth Plaintiff's claim must be dismissed because the documentary evidence conclusively establishes that Defendant did not violate RESPA with regard to his transaction. According to Defendant, it is entirely proper to determine whether any viable class representative exists before ruling on a class certification motion.

5.      Plaintiffs seek to distinguish Defendant's authority. For example, they note that the plaintiff in Curtin failed to identify any discovery needed to oppose the defendant's motion, and urge that deciding summary judgment without discovery in this case would be inappropriate. Plaintiffs have appended to their memorandum the interrogatories and requests for production of documents they claim are designed to obtain the necessary discovery.

6.      Approximately four months after briefing on this issue was concluded, Plaintiffs filed a motion to compel further responses to their interrogatories and document requests. (Docket No. 39.) However, at a hearing on that motion, Plaintiffs requested that the court defer decision until this Court rules on Defendant's summary judgment motion. Thereafter, Plaintiffs withdrew without prejudice their motion to compel. (Docket No. 46.) As such, Plaintiffs appear to have withdrawn their opposition to the Court's resolution of Defendant's dispositive motion prior to hearing a class certification motion.

7.      Even were that not the case, this Court finds it is appropriate to first consider

whether any named Plaintiff may maintain a claim for relief prior to moving forward on class certification.

8. Accordingly, the stay imposed on Defendant's motion for summary judgment is lifted. Plaintiffs' response to Defendant's motion for summary judgment is due no later than **30 days** after the date of this Decision and Order. Defendant's reply is due no later than **15 days** after Plaintiffs' response is filed.


SO ORDERED.

Dated: August 15, 2010
Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                    Chief Judge
                                         United States District Court