UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER SAUNDERS, BRYANT
KURTZMAN, BEVERLY O'HARA, and
LINDA FENLON, in their individual capacities and
on behalf of all similarly situated individuals,

                              Plaintiffs,

            v.

FIRST PRIORITY MORTGAGE INC.,

                              Defendant.

**REPORT
and
RECOMMENDATION**

**06-CV-00586S(F)**

---

APPEARANCES:        DAVID P. MARCUS, ESQ.
                              Attorney for Plaintiffs
                              9145 Main Street
                              Clarence, New York 14031

                              TRAVIS & CALHOUN, P.C.
                              Attorneys for Plaintiffs
                              ERIC G. CALHOUN, of Counsel
                              1000 Providence Towers East
                              5001 Spring Valley Road
                              Dallas, Texas, 75244

                              OFFIT KURMAN, P.A.
                              Attorneys for Defendants
                              RUSSELL B. BERGER, of Counsel
                              300 E. Lombard Street, Suite 2010
                              Baltimore, Maryland 21202
                                      and
                              ARI KAREN, of Counsel
                              8171 Maple Lawn Boulevard, Suite 200
                              Fulton, Maryland 20759

                              PHILLIPS LYTLE LLP
                              Attorneys for Defendants
                              EDWARD S. BLOOMBERG, of Counsel
                              3400 HSBC Center
                              Buffalo, New York 14203-2887

**JURISDICTION**

This action was referred to the undersigned on July 12, 2012, by Honorable William M. Skretny for report and recommendation on Defendant's motion for summary judgment (Doc. No. 66), filed July 6, 2012.

**BACKGROUND and FACTS**[1]

Plaintiffs Christopher Saunders ("Saunders"), Jodi Habshied ("Habshied"), and Richard Beagle ("Beagle"), in their individual capacities and on behalf of all similarly situated individuals,[2] commenced this action on August 29, 2006, alleging Defendant First Priority Mortgage Inc., ("Defendant" or "First Priority") violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 ("RESPA claim"). An amended complaint (Doc. No. 22) ("Amended Complaint"), filed on August 14, 2007, names as Plaintiffs Saunders, Bryant Kurtzman, Beverly O'Hara, and Linda Fenlon (together, "Plaintiffs"), and adds a state law claim for deceptive business acts or practices under and New York Gen. Bus. Law ("GBL") § 349 ("§ 349") ("state law claim").

Specifically, Plaintiffs are mortgage loan borrowers ("mortgagors") who obtained mortgage loans from First Priority. Plaintiffs allege that in connection with such loans, Defendant charged for credit reports, document preparation fees, and underwriting fees, in excess of the actual costs Defendant incurred for such services, retaining the

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] Although Plaintiffs filed this action as a class action, Complaint ¶¶ 1, 38, to date, no class has been certified nor have Plaintiff moved for class certification.

2

excess portion of such charges.

On July 6, 2012, Defendant filed the instant motion for summary judgment (Doc. No. 66) ("Defendant's motion"), supported by the attached Defendant First Priority Mortgage Inc.'s Memorandum of Law in Support of Its Motion for Summary Judgment (Doc. No. 66-1) ("Defendant's Memorandum"), exhibits (Docs. Nos. 66-2 to 66-4), and Defendant's Statement of Undisputed Material Facts (Doc. No. 66-5) ("Defendant's Statement of Facts"). In response, Plaintiffs filed on August 16, 2012, Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 73) ("Plaintiffs' Response"), the Affidavit of David P. Marcus, Esq. (Doc. No. 75) ("Marcus Affidavit")[3] with attached exhibits A through K ("Plaintiffs' Exh(s). __"), and Plaintiffs' Statement of Disputed Material Facts (Doc. No. 76) ("Plaintiffs' Statement of Facts"). In further support of its motion, Defendant filed on August 31, 2012, Defendant First Priority Mortgage Inc.'s Reply to Plaintiffs' Opposition to Its Motion for Summary Judgment (Doc. No. 78). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion should be GRANTED.

## DISCUSSION

**1.    Summary Judgment**

Summary judgment on a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b);

---

[3] A copy of the Marcus Affidavit without the attached exhibits is also filed as Doc. No. 74.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases). Rather, Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

Defendant argues in support of summary judgment that the Supreme Court's recent decision in *Freeman v. Quicken Loans, Inc.*, __ U.S. __, 132 S.Ct. 2034 (2012), compels summary judgment in favor of Defendant on Plaintiff's RESPA claim.

4

Defendant's Memorandum at 3-5. Defendants further argue because the allegedly excessive charges for credit reports, document preparation fees, and underwriting fees were fully disclosed on each Plaintiff's HUD-1 Settlement Statement, Defendant did not, as a matter of law, engage in any deceptive act in violation of § 349. *Id.* at 5-7. In opposition to Defendant's motion, Plaintiffs first assert that summary judgment should not be decided before Plaintiffs have a reasonable opportunity to take discovery. Plaintiffs' Response at 9. As to the RESPA claim, Plaintiffs argue *Freeman* pertains only to undivided, unearned fees, and not to "mark-ups." *Id.* at 9-13. With regard to the § 349 claim, Plaintiffs assert that because Defendant disclosed only the gross amounts charged to Plaintiffs on their HUD-1 Settlement Statements, rather than the components of such charges, Defendant mislead Plaintiffs who could not be considered to have knowingly pay such fees. *Id.* at 13-18. Plaintiffs further maintain the "voluntary payment" doctrine does not bar the § 349 claim. *Id.* at 18-20. In further support of summary judgment, Defendant argues *Freeman* bars Plaintiffs' RESPA claim whether the challenged costs are characterized as "mark-ups" or as "undivided unearned fees." Defendant's Reply at 2-4. According to Defendant, the disclosure of each of the challenged fees precludes liability under § 349. *Id.* at 5-7. Finally, Defendant maintains Plaintiff failed to establish a need for discovery to defeat summary judgment. *Id.* at 7-8.

## 2. Plaintiffs' Request for Discovery

With regard to Plaintiffs' request for discovery, it is true that generally summary judgment will not be granted against a party who has not had an opportunity to conduct discovery. *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)

5

("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." (citing cases)). Nevertheless, the failure to file an affidavit under Fed.R.Civ.P. 56(d) ("Rule 56(d)") "is itself grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). Further, even where a Rule 56(d) affidavit is filed, the affidavit must set forth the "essential facts" sought to be discovered, or summary judgment may be granted without first affording the nonmovant an opportunity to conduct discovery. *Young v. Benjamin Development Inc.*, 395 Fed. Appx. 721, 722-23 (2d Cir. 2010) (holding district court did not err in granting summary judgment in favor of defendant where the discovery sought by the plaintiff would not have been helpful to his case).

In the instant case, although Plaintiffs have not moved pursuant to Rule 56(d) for an opportunity to take discovery necessary to oppose Defendant's motion, Plaintiffs' attorney, David P. Marcus, Esq. ("Marcus"), has filed an affidavit asserting discovery is necessary to avoid summary judgment. A plain reading of the motion papers and relevant law, however, establishes no fact discovery is necessary to decide the issues presented. As such, Plaintiffs' request for discovery is DENIED.

### 3. RESPA Claim

Plaintiffs' RESPA claim is brought pursuant to 12 U.S.C. § 2607(b) which provides that "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan

other than for services actually performed." The RESPA claim alleges that Defendant violated RESPA by "accepting and/or giving a charge made or received for a real estate settlement service other than for services actually performed. Defendant performed no services for the credit report, underwriting fee and document preparation fee 'mark-ups.'" Amended Complaint ¶ 52. Defendant relies in support of summary judgment on the RESPA claim on the Supreme Court's decision that "to establish a violation of § 2607(b), a plaintiff must demonstrate that a charge for settlement services was divided between two or more persons. Because petitioners do not contend that respondent split the challenged charges with anyone else, summary judgment was properly granted in favor of respondent." *Freeman*, 132 S.Ct. at 2044. Defendant argues that because Plaintiffs fail to allege, nor do any facts suggest, that a charge to Plaintiffs for settlement services was divided between Defendant and any other entity, there can be no RESPA violation. Defendant's Memorandum at 4-5.

In opposition to Defendant's motion, Plaintiffs attempt to distinguish *Freeman* as applicable only to settlement service charges that are properly categorized as undivided, unearned fees, but not to "mark-ups" which is the category of settlement service charges applicable to the charges Plaintiffs challenge. Plaintiffs' Response at 12-13. Defendant, in contrast, argues that Freeman applies regardless of whether the challenge settlement service charges are "undivided, unearned fees" or "mark-ups." Defendant's Reply at 2-3.

In *Freeman*, the Supreme Court held that "to establish a violation of § 2607(b), a plaintiff must demonstrate that a charge for settlement services was divided between two or more persons." *Freeman*, 132 S.Ct. at 2044. The Court clarified that § 2607(b)

7

was intended to prohibit the splitting of fees with a party who provided no services in return, but does not reach the collection of unreasonably high fees by a settlement-service provider. *Id.* at 2039-40. The Court continued that summary judgment in favor of the respondent was proper because the petitioners did not contend that the respondent split the challenged charges with another party. *Id.* at 2044. Significantly, the Court did not distinguish between mark-ups and undivided, unearned fees; rather, the Court held that absent alleging or establishing a division of any settlement charges incurred by petitioners, no claim lies under § 2607(b). *Id.* Accordingly, Defendant's motion seeking summary judgment should be GRANTED as to the RESPA claim.

**4.      § 349 Claim**

Defendant argues in support of summary judgment on the § 349 claim that although N.Y. Gen. Bus. Law § 349 "prohibits 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state,'" because it is undisputed that the settlement service charges of which Plaintiffs complain were fully disclosed on each Plaintiff's respective HUD-1 Settlement Statement, Defendant could not, as a matter of law, have engaged in any deceptive act in violation of § 349. Defendant's Memorandum at 5-7. In opposition, Plaintiffs assert that Defendant cannot hide behind the HUD-1 Settlement Statements that do not disclose the components of the challenged settlement service charges. Plaintiffs' Response at 13-17. Plaintiffs maintain that any conduct that is "*per se*" illegal is sufficient to satisfy the "misleading" element of a § 349 claim. *Id.* at 17-18. Plaintiffs further assert that the "voluntary-payment" doctrine only bars a § 349 claim where such

voluntary payment is made with full knowledge of the facts and in the absence of fraud or mistake of material fact or law.  *Id.* at 18-19.  In further support of summary judgment, Defendant argues that absent some allegation that the disclosed charges Plaintiff's voluntarily paid were illegal, Plaintiff's § 349 claim is without a legal foundation.  Defendant's Reply at 5-6.

As discussed in connection with Plaintiff's RESPA claim, the Supreme Court's recent decision establishes the settlement services charges Plaintiffs challenge in this case were not in violation of § 2607(b).  As such, there is no basis on which to find such charges were "*per se*" illegal as required to support a § 349 claim.

Insofar as Plaintiffs allege Defendant's conduct in connection with credit report and underwriting fees violates 3 N.Y.C.R.R. 38.3(a)(1)(v)-(vi) and 38.3(a)(2)(I); (v) of the New York Banking Board Regulations, such regulations pertain only to the loan application process, which is not at issue here as Plaintiffs' claims deal with the closing phase of real estate transactions.  3 N.Y.C.R.R. 38.3 ("Article 12-D requires and authorizes the Banking Board to promulgate regulations governing the disclosures which must be given and the procedures which must be followed at the time an application is taken.").  Accordingly, Plaintiffs have failed to allege any facts which, if true, would establish a *per se* violation of these New York banking regulations.

Defendant's motion should be GRANTED on Plaintiffs' § 349 claim.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 66), should be GRANTED, and the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 7, 2013
              Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

---
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 7, 2013
               Buffalo, New York